# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| THOMAS WILLIAMS, and MAURICE BROWN, <br><br> Plaintiffs, <br><br> v. <br><br> FRESH EXPRESS, INC., <br><br> Defendant. | Civil Action No.: |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiffs Thomas Williams and Maurice Brown and file their complaint against Defendant Fresh Express, Inc. ("Fresh Express"), by showing this Court the following:

## INTRODUCTION

**1.** Plaintiffs Thomas Williams and Maurice Brown were high-performing, well-liked human resources generalists in the Human Resources Department for Fresh Express in its Morrow, Georgia office. Brown was hired on January 10, 2022 in employee relations and Williams was hired January 19, 2022 in recruiting. Over time, Williams and Brown were subjected to a racially discriminatory treatment by their Caucasian supervisor, HR manager Jennifer Tucker Barreiro. Tucker Barreiro repeatedly made racially based comments about Brown and Williams, including

calling their actions, mannerisms, and clothing as "ghetto." Barreiro Tucker laughed in Plaintiffs' faces when they asked her to stop this discriminatory treatment.

Eventually the cumulative discriminatory behavior became so bad that Brown and Williams separately submitted internal complaints. Williams submitted a complaint about racial discrimination to Fresh Express on November 1, 2022. Within five (5) days, Williams was terminated for pretextual reasons. Then, on November 8, 2022, Brown submitted a similar complaint to Fresh Express corporate. He, too, was terminated shortly thereafter (within one day) for pretextual reasons.

This retaliation and discrimination action is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981.

## THE PARTIES

**2.** Plaintiffs Williams and Brown are former employees of Fresh Express who were respected by their peers. Williams is a citizen of the State of Georgia and resides at 3871 Margaux Drive, Atlanta, Georgia 30349. Brown is a citizen of the State of Georgia and resides at 136 Parkside Drive, Stockbridge, Georgia 30281. Brown and Williams are Black.

**3.** Defendant Fresh Express, Inc. is a national packaged-salad producer and distributor, producing and distributing nearly 500 million pounds of salad a year. Fresh Express employs over 5,000 employees. Fresh Express has a packing and

distribution location in 1361 Southern Road, Morrow, Georgia 30260. Fresh Express is headquartered at 4757 The Grove Drive, Suite 260, Windermere, Florida 34786, and can be served by its registered agent, CT Corporation System, at 289 S. Culver Street, Lawrenceville, Georgia 30046.

## **JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution and 28 U.S.C. § 1331 because this case arises under Title VII and 42 U.S.C. § 1981.

5. This Court has personal jurisdiction over Defendant Fresh Express because Fresh Express is located in this judicial district and transacts significant business in this judicial district.

6. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant Fresh Express is located in this judicial district and the events giving rise to the claims herein arose in this judicial district.

7. Williams has timely filed a charge of Title VII discrimination with the Equal Employment Opportunity Commission, Charge No. 410-2023-01225. This complaint will be amended once the EEOC issues a notice of right to sue. This complaint is properly brought pursuant to Title VII and 42 U.S.C. § 1981.

8. Brown has timely filed a charge of Title VII discrimination with the Equal Employment Opportunity Commission, Charge No. 410-2023-01424. This

complaint is filed less than 90 days since the EEOC issued a Notice of Right to Sue. This complaint is properly brought pursuant to Title VII and 42 U.S.C. § 1981.

## FACTS

9. Williams was hired as a full-time HR generalist for recruiting in the HR Department at Fresh Express, located at 1361 Southern Road, Morrow, Georgia 30260 on January 19, 2022.

10. Brown was hired as a full-time HR generalist for employee relations in the HR Department at Fresh Express, located at 1361 Southern Road, Morrow, Georgia 30260 on January 10, 2022.

11. When Williams first started, his and Brown's supervisor, HR Department manager Jennifer Tucker Barreiro, told Williams he "needed to have [her] back" and that he should never go over her head and talk to her superiors.

12. Williams and Brown both experienced and observed race-based discrimination from Tucker Barreiro.

13. In one instance, when Brown greeted another employee with a standard, inoffensive "what's up," Tucker Barreiro threatened to issue a written reprimand against Brown because his greeting was "unprofessional and ghetto." Both Brown and the employee he greeted are Black. Brown reasonably believed Tucker Barreiro's comments were motivated by his and the other employee's race.

14. Williams had similar experiences to Brown. Tucker Barreiro repeatedly told Williams that the clothing he wore and how he acted were "ghetto." Williams reasonably believed that Tucker Barreiro's comments were motivated by his race: Black. Other employees, who were white, were allowed to wear skull caps and headphones at work. Tucker Barreiro never disciplined or asked these employees to stop wearing this stereotypically Caucasian clothing.

15. Williams also overheard Tucker Barreiro comment that an African American prospective employee, otherwise qualified for the job opening, was not a good fit for Fresh Express because the prospective employee was "urban" and "ghetto". Williams reasonably believed that Tucker Barreiro's comments were motivated by the prospective employee's race.

16. When Williams and Brown told Tucker Barreiro that her "ghetto" comments were unacceptable, Tucker Barreiro laughed and continued to make the same or similar racially discriminatory comments.

17. On November 1, 2022, another HR employee who is white, Landon, completed the hiring process for an employee. However, Tucker Barreiro reprimanded Williams and Brown (and not Landon) for failing to consult with a manger before hiring that employee, despite the fact that neither Williams nor Brown had any role in the hiring process. Tucker Barreiro then yelled at Williams to "get the f*** out of [her] office" and at Brown to "grow some balls."

18. Tucker Barreiro then instructed Williams to go home and instructed Brown inform Williams that he was suspended.

19. Because of this incident and because he and Brown were subjected to Tucker Barreiro's race-based discrimination, on November 1, Williams called Fresh Express corporate to submit a complaint to HR Director David Specht. Williams was routed to another employee, Kay E., and lodged his complaint against Tucker Barreiro, while detailing in detail the race-based discrimination he faced from Tucker Barriero. Kay replied that she would inform Specht of Williams's complaint.

20. During the phone call, Kay informed Williams that he did not have any reprimand logged in his HR file.

21. Kay called Williams on November 2, 2022 and told him to direct any complaints about racial discrimination directly to Tucker Barreiro, despite the fact that Kay knew that Williams's complaint was directed against Tucker Barreiro. No other action was taken by Defendant's HR department.

22. On November 6, 2022, Williams was terminated. Tucker Barreiro called Williams personally to inform him of his termination. During the call, Tucker Barreiro told Williams that he did not "have her back" because he called Fresh Express corporate. Tucker Barreiro reminded Williams that she warned him never to go over her head. She gave no other reason(s) for his termination. A week later, Fresh Express sent a letter to Williams claiming he was terminated for

insubordination. Williams did not engage in any insubordination, nor was any described to him.

23. On November 8, 2022, Tucker Barreiro met with all remaining HR employees and informed them that Williams was terminated. During this meeting, Tucker Barreiro accused Brown of instructing Williams to complain to Fresh Express corporate.

24. In response, and due to Brown's experiences with Tucker Barreiro's race-based discrimination, Brown submitted a written email complaint to HR Director Specht and Daniel Marques, a general manager. In the complaint, Brown detailed them that Tucker Barreiro seeks "to intimidate [him]" and showed "signs of racism and insensitivity." Brown expressly voiced his concern about potential retaliation from Tucker Barreiro. Brown sent this email on November 8, 2022.

25. On the very next day, November 9, 2022, Tucker Barreiro terminated Brown. Fresh Express' pretextual reason for termination involved an incident that occurred over a month prior on October 5, 2022, and did not involve Brown. Williams was allegedly terminated because another employee was terminated, and mistakenly remained on payroll for thirteen days. This was a pretext, because Brown was never notified about the termination (due to an error in the Employee Relations Department), and thus had no reason to update Fresh Express' internal billing system. When (a month prior), Tucker Barreiro informed Brown about the

administrative mistake of the employee remaining on payroll, Brown explained that he had not been notified by the Employee Relations Department. Even if this had been a legitimate error committed by Brown, the termination was inconsistent with Fresh Express policy, which required an applied progressive discipline procedure whereby Brown would not have been terminated upon a first offense.

26. After filing his charge with the EEOC, Brown was made aware of additional notices of corrective action issued by Tucker Barreiro that were brand new to him and never previously presented to or discussed with him. Fresh Express presented the EEOC with disciplinary notices dated July 29, 2022, October 13, 2022, and November 3, 2022. These notices are falsified, backdated, and contain incorrect and contradictory information. All of the notices are signed by Tucker Barreiro.

27. Plaintiffs were aware that Tucker Barreiro would repeatedly write false reprimands against various employees but not actually show them to the employees or file them in the system. Tucker Barreiro explained that she would instead "hold onto" them and only file them if she wanted to.

28. Tucker Barreiro was terminated by Fresh Express following the EEOC's investigation into Williams's and Brown's charges. As Fresh Express escorted Tucker Barreiro out of the building, it discovered a drawer in her desk with multiple written fake/false reprimands against various employees that were not logged in the system or signed by the employees.

29. After Brown filed his EEOC complaint, Tucker Barreiro contacted Brown's wife to make improper, offensive, and damaging allegations about Brown, including false allegations of infidelity.

30. After Williams filed his EEOC complaint, Tucker Barreiro contacted Williams and threatened to interfere with Williams's job search.

## COUNT ONE: TITLE VII RETALIATION AGAINST PLAINTIFF WILLIAMS

31. Williams incorporates herein by reference the allegations set forth in the preceding paragraphs of his complaint as if fully set forth herein.

32. At all times relevant herein, Fresh Express has been an "employer" within the meaning of Title VII. 42 U.S.C. § 2000e.

33. At all times relevant herein, Williams was an "employee" of Fresh Express within the meaning of Title VII. 42 U.S.C. § 2000e.

34. Williams was entitled to Title VII protections at all relevant times.

35. Williams engaged in statutorily protected activity when he contacted his superiors about the racial discrimination he suffered. Williams had a reasonable basis for sending his complaint due to his superior's repeated use of the word "ghetto" to describe the actions, mannerisms, and clothing of Black men (in contrast with those of white men) generally and Williams specifically.

36. Fresh Express improperly retaliated against Williams by terminating him because he reported his supervisor's race-based discrimination to Fresh Express

corporate, activity protected by Title VII. Fresh Express' after-the-fact asserted reason for its adverse employment action, insubordination, was merely a pretext for its retaliation for actions protected by Title VII, as evidenced at least by the termination's temporal proximity to Williams's complaint, Fresh Express' treatment of comparators, and Fresh Express' stated reason for termination.

**37.** Fresh Express impermissibly retaliated against Williams because it terminated him for reporting Fresh Express' termination that violated Title VII.

**38.** Williams has suffered and continues to suffer damages as a direct and proximate result of Fresh Express' retaliation for his exercise of rights under Title VII.

**39.** Williams is entitled to recover from Fresh Express for at least the wages and employment benefits he lost as a result of Fresh Express's unlawful conduct in violation of Title VII, and interest thereon, calculated at the prevailing rate.

**40.** Williams is entitled to front pay.

### COUNT TWO: RETALIATION IN VIOLATION OF 42 U.S.C. § 1981 AGAINST PLAINTIFF WILLIAMS

**41.** Williams incorporates herein by reference the allegations set forth in the preceding paragraphs of his complaint as if fully set forth herein.

**42.** At all times relevant herein, Williams was a member of a racial minority as a Black man.

43. Fresh Express intentionally discriminated against Williams on the basis of his race in the form of an adverse employment action. Williams reasonably believed he was subjected to racial discrimination because of his supervisor's repeated negative comments calling him "ghetto." When Williams reported his concerns to Fresh Express, Fresh Express refused to investigate his claims. They terminated him instead.

44. Fresh Express' intentional discrimination against Williams was made with malice because the person who repeatedly targeted Williams personally called him after hours, derided him for reporting her, and then terminated him.

45. Fresh Express' discrimination against Williams was also made with reckless indifference to his federally protected rights. When Williams lodged his complaint of racial discrimination against Tucker Barreiro to Fresh Express, wherein he specifically stated that she was the one discriminating against him, Fresh Express nevertheless told him he needed to file his complaint with Tucker Barreiro, the very person he complained about.

46. Fresh Express' malice is further evidenced by the fact that the only other Black employee in the HR Department, Brown, also made a complaint and was terminated in retaliation, exactly like Williams.

## COUNT THREE: TITLE VII RETALIATION AGAINST PLAINTIFF BROWN

47.     Brown incorporates herein by reference the allegations set forth in the preceding paragraphs of his complaint as if fully set forth herein.

48.     At all times relevant herein, Fresh Express has been an "employer" within the meaning of Title VII. 42 U.S.C. § 2000e.

49.     At all times relevant herein, Brown was an "employee" of Fresh Express within the meaning of Title VII. 42 U.S.C. § 2000e.

50.     Brown was entitled to Title VII protections at all relevant times.

51.     Brown engaged in statutorily protected activity when he contacted his superiors about the racial discrimination he suffered. Brown had a reasonable basis for sending his complaint due to his superior's repeated use of the word "ghetto" to describe the actions, mannerisms, and clothing of Black men (in contrast with those of white men) generally and Brown specifically.

52.     Fresh Express improperly retaliated against Brown by terminating him because he reported his supervisor's race-based discrimination to Fresh Express corporate, activity protected by Title VII. Brown's complaint of discrimination was the cause of his termination, and Fresh Express' purported reason for terminating Brown was a pretext for its Title VII retaliation, as evidenced at least by the termination's temporal proximity, Fresh Express' treatment of comparators, Fresh

Express' stated reason for termination, and because Fresh Express used falsified documents to satisfy the progressive discipline policy it did not actually follow.

53. Fresh Express impermissibly retaliated against Brown because it terminated him for reporting Fresh Express' Title VII violations.

54. Brown has suffered and continues to suffer damages as a direct and proximate result of Fresh Express' retaliation for his exercise of rights under Title VII.

55. Brown is entitled to recover from Fresh Express for at least the wages and employment benefits he lost as a result of Fresh Express's unlawful conduct in violation of Title VII, and interest thereon, calculated at the prevailing rate.

56. Brown is entitled to front pay.

## COUNT FOUR: VIOLATION OF 42 U.S.C. § 1981 AGAINST PLAINTIFF BROWN

57. Brown incorporates herein by reference the allegations set forth in the preceding paragraphs of his complaint as if fully set forth herein.

58. At all times relevant herein, Brown was a member of a racial minority as a Black man.

59. Fresh Express discriminated against Brown on the basis of his race in the form of an adverse employment action. Brown reasonably believed he was subjected to race-based comments due to his supervisor's repeated negative comments calling him "ghetto." When Brown reported his concerns to Fresh

Express, Fresh Express refused to investigate his claims. They terminated him instead.

60. Fresh Express' discrimination against Brown was made with reckless indifference to his federally protected rights because it terminated him using written reprimands that were falsified.

61. Fresh Express' malice is further evidenced by the fact that the only other Black employee in the HR Department, Williams, also made a complaint and was terminated in retaliation, exactly like Brown.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs Williams and Brown respectfully pray this Court to grant the following relief:

a. That Williams has and recovers from Fresh Express lost back pay, front pay, benefits, and compensatory damages, all with prejudgment interest thereon;

b. That Williams recovers uncapped punitive damages pursuant to Fresh Express' intentional race-based discrimination;

c. That Williams recovers his attorneys' fees and costs of litigation pursuant to all applicable federal laws;

d. That Brown has and recovers from Fresh Express lost back pay, front pay, and benefits, with prejudgment interest thereon;

e.  That Brown recovers uncapped punitive damages pursuant to Fresh Express' intentional race based discrimination;

b.  That Brown recovers his attorneys' fees and costs of litigation pursuant to all applicable federal laws; and

c.  Any and other such further relief this Court or the Finder of Fact deems equitable and just.

**Plaintiffs Williams and Brown demand a trial by jury.**

This 20th day of November, 2023.

        Respectfully submitted,

        HILL, KERTSCHER & WHARTON, LLP

        By: */s/ Douglas R. Kertscher*
            Douglas R. Kertscher
            Georgia State Bar No. 416265
            Ian L. P. Kecskes
            Georgia State Bar No. 490162
            *Attorneys for Plaintiff*

3625 Cumberland Blvd., Suite 1050
Atlanta, Georgia 30339
Telephone:  770-953-0995
Facsimile:  770-953-1358
E-mail:  drk@hkw-law.com
Email:  ikecskes@hkw-law.com